

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Tom L. Hartley
District Attorney
Hidalgo County
Edinburg, Texas

Dear Sir:

Opinion No. O-2435
Re: Whether junked automobile must bear
license plates to be sold and moved.

In your letter of May 29, 1940, you request our opinion in response to the following questions:

"1. Is it necessary, before the sale of a second-hand car that will be junked, and which is not in present running condition, to buy a license for same before transfering it?

"2. Is it necessary, before the sale of a second-hand car, which is not in running condition, but which will be put in running condition by the purchaser, to register it?

"3. Can such cars be moved on the highway by a wrecker from seller's to purchaser's place of business without a license?"

Article 804, Penal Code, provides that "whoever operates upon any public highway a motor vehicle which has not been registered as required by law shall be fined not to exceed $200.00" Since this penal statute plainly would not reach a vehicle which is towed by another and which is not required by law to be registered, it becomes necessary to ascertain whether any such vehicle is subject to the registration statutes.

Article 6675a, Vernon's Civil Statutes, regulates the registration of vehicles. Sec. 1(b) thereof says that the term "motor vehicle" as used in the statute means every vehicle that is self-propelled. And, Section 2 requires that "every owner of a motor vehicle -- used or to be used upon the public highways of this State -- shall apply for the registration of each such vehicle. "

It seems quite clear that these statutes would not apply to an automobile which has served its usefulness as such and is marked for the junk pile without any further use. It is no longer a motor vehicle within the statute for it is not self-propelled. Taking it down the highway by means of a wrecker is not a use of the junked car on the highway. It is the same thing as hauling so much scrap-iron. It is never to be used on the highways again. When parts of it go into a rebuilt vehicle, registration of this creation is provided in Section 12b.

Article 1434, Penal Code, provides that "No person -- shall sell, trade or otherwise transfer any used or second-hand vehicle required to be registered .... unless and until said vehicle at the time of delivery has been duly registered in this State for the current year under the provisions of said laws."

Since the removal of the junked car by a wrecker is not a use of the same and it is never again to be used upon the highways as a self propelled vehicle, it is not required to be registered. Your first question is therefore answered in the negative. As to such junked car your third question is given an affirmative answer.

We now pass to a consideration of your questions relating to the second-hand car which is not in running condition, but which will be repaired and put to use (presumably on the highways) by the purchaser. Section 2 of Article 6675 requires the registration of motor vehicles to be used, as well as those already in use, on the public highways. Registration is a prerequisite of use. If a car is to be used it is to be registered, and if it is required to be registered it cannot be sold until it has been registered. Since this car is to be so used it is subject to registration and cannot be sold until this be done. Your second question being answered in the affirmative the third question is no longer concerned.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Glenn R. Lewis
    Glenn R. Lewis
    Assistant

GRL:BBB:wc

APPROVED JUNE 12, 1940
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/ BWB Chairman